10-3945-cr
United States v. Swartz

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.**

PRESENT:

JOSÉ A. CABRANES,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

            *Appellee,*

            -v.-                                              No. 10-3945-cr

JEFFREY T. SWARTZ,

            *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                         MARJORIE M. SMITH, Piermont, NY.

**FOR APPELLEE:**                          JOSEPH J. KARASZEWSKI, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney for the Western District of New York, *on the brief*), Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Jeffrey Swartz appeals from a September 22, 2010 judgment of the District Court convicting him of attempted production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e), and sentencing him principally to a fifteen-year term of imprisonment, to be followed by a fifteen-year period of supervised release. We assume the parties' familiarity with the underlying facts and the procedural history, some of which we briefly reiterate here.

This appeal arises out of Swartz's prosecution for production of child pornography and other related offenses. On June 11, 2010, after extensive pretrial proceedings—which included a guilty plea by Swartz and its subsequent withdrawal, as well as four changes of counsel—Swartz pleaded guilty for a second time to the crime of attempted production of child pornography. Three months later, just prior to sentencing, Swartz filed a *pro se* motion to withdraw his second guilty plea. On September 14, 2010, after a conference with the parties, the District Court denied the motion, holding that Swartz had demonstrated no fair and just reason for the court to permit withdrawal of the plea.

On appeal, Swartz argues that the District Court erred by refusing to permit him to withdraw his second plea of guilty, which he alleges was made under pressure from his counsel and the court. Swartz claims that he has shown two fair and just reasons for withdrawing his guilty plea: (1) that he is actually innocent, and (2) that there are significant questions about the voluntariness of his plea. Specifically, Swartz alleges that the District Court improperly interjected itself into plea negotiations in violation of Rule 11 of the Federal Rules of Criminal Procedure, and that the court did not fully comply with the affirmative requirements of that rule—namely, the requirement to engage in a colloquy with the defendant in order to ensure that his plea was voluntary and not the result of improper pressure or

threats.  Swartz asks that we vacate his conviction and remand for further proceedings, or in the alternative, that we remand for an evidentiary hearing on the question of whether he should be permitted to withdraw his plea of guilty.

After a thorough review of the record, we conclude that Swartz's arguments on appeal are meritless.  We therefore AFFIRM the September 22, 2010 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court